UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRITTNY WHITE,

        Plaintiff,

  v.

ASHLAND COUNTY, WISCONSIN,
A subdivision of the State of Wisconsin;

MICK BRENNAN,
Sheriff, Ashland County, Wisconsin, In his
Individual and Official Capacities;

TONY JONES,
Jail Administrator, Ashland County, Wisconsin,
In his Individual and Official Capacities;

and

OTHER EMPLOYEES OF ASHLAND COUNTY JAIL,
Individually and in their Official Capacities.

        Defendants.

Case No. 17-CV-23

---

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

---

     NOW COME the Defendants, Ashland County, Wisconsin, Mick Brennan, Tony Jones and Other Employees of Ashland County Jail, by their undersigned attorneys, and for their Answer to Plaintiff's Complaint state as follows:

### NATURE OF ACTION

    1.    Defendants deny the allegations contained in Paragraph 1.

1

**JURISDICTION AND VENUE**

2. In response to Paragraph 2, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

3. In response to Paragraphs 3 through 4, the paragraphs state a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit.

**PARTIES**

4. In response to Paragraph 5, Defendants admit that Plaintiff is an adult resident of the state of Wisconsin and admit that at various times she was an inmate in the Ashland County Jail. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny same and put Plaintiff to her proof thereon.

5. Defendants admit the allegations in Paragraph 6, except the last sentence of Paragraph 6 states a legal conclusion to which no response is required; to the extent an answer is required, Defendants deny.

6. Defendants admit the allegations in Paragraph 7, except the last sentence of Paragraph 7 states a legal conclusion to which no response is required; to the extent an answer is required, Defendants deny.

7. Defendants admit the allegations in Paragraph 8, except the last sentence of Paragraph 8 states a legal conclusion to which no response is required; to the extent an answer is required, Defendants deny.

8. In response to Paragraph 9, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

**FACTS**

9. Defendants admit the allegations contained in Paragraph 10.

10. In response to Paragraph 11, Defendants admit that Bond was a correctional officer at Ashland County Jail during the times White was incarcerated at the Ashland County Jail; admit that Bond worked 3-4 days per week at the Ashland County Jail; admit that Bond had contact with jail inmates while employed as a correctional officer of Ashland County Jail. The remaining allegations are legal conclusions to which no response is required. To the extent an answer is required, Defendants deny same and put Plaintiff to her proof thereon.

11. In response to Paragraph 12, the paragraphs state a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit.

12. In response to Paragraph 13, Defendants admit that Brennan began the position of Sheriff of Ashland County and at or around January 2010. The remaining allegations are legal conclusions to which no response is required. To the extent an answer is required, Defendants deny same and put Plaintiff to her proof thereon.

13. In response to Paragraph 14, Defendants admit that Jones was the Jail Administrator of the Ashland County Jail at all times relevant to this lawsuit. The remaining allegations are legal conclusions to which no response is required. To the extent an answer is required, Defendants deny same and put Plaintiff to her proof thereon.

14. In response to Paragraph 15, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

15. Defendants deny the allegations contained in Paragraphs 16 through 18.

**FIRST INCARCERATION**

16. In response to Paragraphs 19 and 20, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

17. Defendants admit the allegations contained in Paragraph 21.

**BETWEEN INCARCERATIONS**

18. In response to Paragraphs 22 through 24, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

**SECOND INCARCERATION**

19. Defendants admit the allegations contained in Paragraph 25.

20. In response to Paragraphs 26 through 30, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

**INSUFFICIENCY OF SECURITY CAMERAS**

21. In response to Paragraph 31, Defendants admit security footage was located where Bond and White entered into the library closet where there is no security camera and they did not reappear for approximately 20 seconds. Deny all remaining allegations contained therein.

22. In response to Paragraph 32, Defendants admit security footage was located where Bond and White walked toward the exit of the booking room where there is no security camera and they did not emerge into the hallway until approximately 70 seconds later. Deny all remaining allegations contained therein.

23. In response to Paragraph 33, Defendants admit that security footage was located where Bond can be seen reaching through the cell gates and where White reached through the cell gates and touched Bond in the groin area. Deny all remaining allegations contained therein.

24. Defendants admit that the footage referenced in Paragraphs 31 and 33 does not have audio, but deny that the footage referenced in Paragraph 32 does not have audio.

## OUTRAGEOUS CONDUCT OF DEFENDANTS

25. Defendants deny the allegations contained in Paragraph 35.

## INJURIES TO THE PLAINTIFF

26. Defendants deny the allegations contained in Paragraph 36.

## CLAIM AND CAUSES OF ACTION

### FIRST ACTION: VIOLATION OF THE FOURTH AMENDMENT ALLOWING PLAINTIFF TO BE VIEWED WHILE SHOWING BY INMATES OF THE OPPOSITE SEX.

27. In response to Paragraph 37, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

28. In response to Paragraph 38, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit.

29. In response to Paragraphs 39 through 41, the paragraphs state a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny same and put Plaintiff to her proof thereon.

30. Defendants deny the allegations contained in Paragraphs 42 through 45 and put Plaintiff to her proof thereon.

### SECOND ACTION: VIOLATION OF THE EIGHTH AMENDMENT SUBJECTING PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT BY CORRECTIVE INACTION AMOUNTING TO DELIBERATE INDIFFERENCE OF VOLATILE PRACTICES.

31. In response to Paragraph 46, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

32. In response to Paragraph 47, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit.

33. In response to Paragraphs 48 and 49, the paragraphs state a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny same and put Plaintiff to her proof thereon.

34. Defendants deny the allegations contained in Paragraph 50 and put Plaintiff to her proof thereon.

35. In response to Paragraph 51, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny same and put Plaintiff to her proof thereon.

36. Defendants deny the allegations contained in Paragraphs 52 through 57 and put Plaintiff to her proof thereon.

37. Defendants deny all allegations in Plaintiff's Complaint that are not affirmatively admitted herein.

### **AFFIRMATIVE DEFENSES**

1. The individual defendants are entitled to qualified immunity;

2. Plaintiff has not alleged facts sufficient to support a claim for punitive damages;

3. Plaintiff's Complaint fails to state a claim upon which relief may be granted;

4. Plaintiff may have failed to mitigate her damages;

5. Plaintiff's damages may be attributable to the conduct of other third-parties;

6. Plaintiff's damages may have been caused by intervening or superseding causes;

7. Defendants are not responsible for the acts of Chris Bond in violation of Ashland County policy and/or the Wisconsin criminal code;

8. No constitutional violation resulted from a municipal policy or custom;

9. Defendants allege all affirmative defenses required to be pled under Rule 12(b), Fed. R. Civ. Pro., for the purpose of avoiding waiver of any such defenses as they may later apply; and

10. Defendants reserve the right to assert any further affirmative defenses which may become available as discovery proceeds in this matter.

WHEREFORE, the Defendants, Ashland County, Wisconsin, Mick Brennan, Tony Jones and Other Employees of Ashland County Jail, demand judgment against the Plaintiff as follows:

A. For dismissal of the Complaint, on its merits and with prejudice;

B. For all costs and attorneys' fees as allowed by law; and

C. For such other and further relief as the Court deems just and equitable.

Dated this 7th day of February, 2017.

> AXLEY BRYNELSON, LLP
>
> s/ Danielle E. Baudhuin
> Lori M. Lubinsky, SBN: 1027575
> Danielle E. Baudhuin, SBN: 1096371
> Attorneys for Defendants
> 2 E. Mifflin St., Ste. 200 (53703)
> Post Office Box 1767
> Madison, WI 53701-1767
> Telephone: (608) 257-5661
> Email: llubinsky@axley.com
>    dbaudhuin@axley.com