UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

B.L.W,

              Plaintiff,

                                                            Case No. 17-CV-23

    v.

ASHLAND COUNTY, WISCONSIN,
A subdivision of the State of Wisconsin;
MICK BRENNAN,
Sheriff, Ashland County, Wisconsin, In his
Individual and Official Capacities;
ANTHONY JONES,
Jail Administrator, Ashland County, Wisconsin,
In his Individual and Official Capacities;
OTHER EMPLOYEES OF ASHLAND COUNTY JAIL,
Individually and in their Official Capacities;
JON E. LITSCHER,
Secretary, Wisconsin Department of Corrections,
In his Individual and Official Capacity;
ERIC LOSEE,
Chief of Region 6, Wisconsin Dept. of Corrections,
In his Individual and Official Capacity;
and
LEEANN L. RAAB,
Corrections Field Supervisor, Wisconsin Dept. of Corrections,
In her Individual and Official Capacity.

              Defendants.
_____

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**
_____

       NOW COME the Defendants, Ashland County, Wisconsin, Mick Brennan, Anthony Jones and Other Employees of Ashland County Jail, by their undersigned attorneys, and for their Answer to Plaintiff's Amended Complaint state as follows:

**JURISDICTION AND VENUE**

    1.     Defendants deny the allegations contained in Paragraph 1.

1

2. In response to Paragraph 2, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

## PARTIES

3. In response to Paragraph 3, Defendants admit that Plaintiff is an adult resident of the state of Wisconsin and admit that at various times she was an inmate in the Ashland County Jail. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny same and put Plaintiff to her proof thereon.

4. Defendants admit the allegations in Paragraph 4, except the last sentence of Paragraph 4 states a legal conclusion to which no response is required; to the extent an answer is required, Defendants deny.

5. Defendants admit the allegations in Paragraph 5, except the last sentence of Paragraph 5 states a legal conclusion to which no response is required; to the extent an answer is required, Defendants deny.

6. Defendants admit the allegations in Paragraph 6, except the last sentence of Paragraph 6 states a legal conclusion to which no response is required; to the extent an answer is required, Defendants deny.

7. In response to Paragraphs 7 through 10, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

## FACTS

8. Defendants admit the allegations contained in Paragraph 11.

9. In response to Paragraph 12, Defendants admit that Bond was a correctional officer at Ashland County Jail during the times White was incarcerated at the Ashland County

Jail; admit that Bond worked 3-4 days per week at the Ashland County Jail; admit that Bond had contact with jail inmates while employed as a correctional officer of Ashland County Jail. The remaining allegations are legal conclusions to which no response is required. To the extent an answer is required, Defendants deny same and put Plaintiff to her proof thereon.

10. In response to Paragraph 13, the paragraphs state a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit.

11. Defendants deny the allegations contained in Paragraphs 14 through 16.

## FIRST INCARCERATION

12. In response to Paragraphs 17 and 18, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

13. Defendants admit the allegations contained in Paragraph 19.

## BETWEEN INCARCERATIONS

14. In response to Paragraphs 20 through 22, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

## SECOND INCARCERATION

15. Defendants admit the allegations contained in Paragraph 23.

16. In response to Paragraphs 24 through 28, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

## INSUFFICIENCY OF SECURITY CAMERAS

17. In response to Paragraph 29, Defendants admit security footage was located where Bond and White entered into the library closet where there is no security camera and they did not reappear for approximately 20 seconds. Deny all remaining allegations contained therein.

18. In response to Paragraph 30, Defendants admit security footage was located where Bond and White walked toward the exit of the booking room where there is no security camera and they did not emerge into the hallway until approximately 70 seconds later. Deny all remaining allegations contained therein.

19. In response to Paragraph 31, Defendants admit that security footage was located where Bond can be seen reaching through the cell gates and where White reached through the cell gates and touched Bond in the groin area. Deny all remaining allegations contained therein.

20. In response to Paragraph 32, Defendants admit that the footage referenced in Paragraphs 29 and 31 does not have audio, but deny that the footage referenced in Paragraph 30 does not have audio.

## OUTRAGEOUS CONDUCT OF DEFENDANTS

21. Defendants deny the allegations contained in Paragraphs 33 through 35.

22. In response to Paragraph 36, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

## INJURIES TO THE PLAINTIFF

23. Defendants deny the allegations contained in Paragraph 37.

## CLAIMS AND CAUSES OF ACTION

### FIRST CAUSE OF ACTION: VIOLATION OF THE FOURTH AMENDMENT BY ALLOWING PLAINTIFF TO BE VIEWED WHILE SHOWERING BY INMATES OF THE OPPOSITE SEX.

24. In response to Paragraph 38, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiff's Amended Complaint as if fully set forth herein.

25. In response to Paragraph 39, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit.

26. In response to Paragraphs 40 through 42, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

27. Defendants deny the allegations contained in Paragraphs 43 and 44.

### SECOND CAUSE OF ACTION: VIOLATION OF THE EIGHTH AMENDMENT BY SUBJECTING THE PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT BY CORRECTIVE INACTION AMOUNTING TO DELIBERATE INDIFFERENCE TO THE RIGHTS OF THE PLAINTIFF

28. In response to Paragraph 45, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiff's Amended Complaint as if fully set forth herein.

29. In response to Paragraph 46, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit.

30. In response to Paragraphs 47 and 48, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

31. Defendants deny the allegations contained in Paragraph 49.

32. In response to Paragraphs 50 and 51, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

33. Defendants deny the allegations contained in Paragraphs 52 through 54.

## THIRD CAUSE OF ACTION: VIOLATION OF RIGHTS GUARANTEED BY THE PRISON RAPE ELIMINATION ACT AND FAILURE TO ADEQUATELY TRAIN AND SUPERVISE, AS TO ALL DEFENDANTS.

34. In response to Paragraph 55, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiff's Amended Complaint as if fully set forth herein.

35. In response to Paragraphs 56 and 57, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

36. In response to Paragraph 58, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

37. In response to Paragraph 59, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

38. In response to Paragraph 60, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

39. In response to Paragraph 61, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

40. Defendants deny the allegations contained in Paragraphs 62 and 63.

## FOURTH CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983 – SEXUAL ASSAULT AS TO DEFENDANTS ASHLAND COUNTY, BRENNAN AND JONES

41. In response to Paragraph 64, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiff's Amended Complaint as if fully set forth herein.

42. In response to Paragraphs 65 and 66, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

43. In response to Paragraph 67, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

44. Defendants deny the allegations contained in Paragraph 68.

45. In response to Paragraphs 69 and 70, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

### FIFTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

46. In response to Paragraph 71, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiff's Amended Complaint as if fully set forth herein.

47. In response to Paragraph 72, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

48. Defendants deny the allegations contained in Paragraph 73.

49. In response to Paragraphs 74 and 75, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

50. Defendants deny the allegations contained in Paragraph 76.

51. In response to Paragraphs 77 through 79, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

52. Defendants deny the allegations contained in Paragraphs 80 and 81.

## SIXTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

53. In response to Paragraph 82, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiff's Amended Complaint as if fully set forth herein.

54. Defendants deny the allegations contained in Paragraphs 83 through 85.

55. In response to Paragraph 86, Defendants admit that sometime after August 24, 2016, Brennan and Jones became aware of allegations of sexual assaults committed by Bond against the Plaintiff. Deny all remaining allegations contained therein.

56. In response to Paragraph 87, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same and put Plaintiff to her proof thereon.

57. Defendants deny the allegations contained in Paragraphs 88 and 89.

## SEVENTH CAUSE OF ACTION: NEGLIGENT SUPERVISION AND TRAINING AS TO DEFENDANTS ASHLAND COUNTY, BRENNAN AND JONES

58. In response to Paragraph 90, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiff's Amended Complaint as if fully set forth herein.

59. Defendants deny the allegations contained in Paragraphs 91 and 92.

60. In response to Paragraphs 93 and 94, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

61. Defendants deny the allegations contained in Paragraph 95.

62. In response to Paragraph 96, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

### EIGHTH CAUSE OF ACTION: WIS. STAT. § 895.46 – STATE AND POLITICAL SUBDIVISIONS THEREOF TO PAY JUDGMENTS TAKEN AGAINST OFFICERS, AS TO ALL DEFENDANTS

63. In response to Paragraph 97, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiff's Amended Complaint as if fully set forth herein.

64. In response to Paragraphs 98 and 99, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

65. Defendants deny the allegations contained in Paragraph 100.

66. In response to Paragraph 101, the paragraphs state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny.

### VICARIOUS LIABILITY

67. In response to Paragraph 102, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer to Plaintiff's Amended Complaint as if fully set forth herein.

68. In response to Paragraph 103, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

69. Defendants deny the allegations contained in Paragraph 104.

70. In response to Paragraph 105, the paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

71. Defendants deny all allegations in Plaintiff's Amended Complaint that are not affirmatively admitted herein.

**AFFIRMATIVE DEFENSES**

Defendants Ashland County, Wisconsin, Mick Brennan, Anthony Jones and Other Employees of Ashland County Jail, by their undersigned attorneys, assert the following affirmative defenses on their behalf:

1. The individual defendants are entitled to qualified immunity;

2. Defendants are immune from suit under Wis. Stat. § 893.80;

3. Plaintiff failed to comply with the notice requirements under Wis. Stat. § 893.80;

4. Plaintiff's recoverable damages, if any, are limited under Wis. Stat. § 893.80;

5. Plaintiff has not alleged facts sufficient to support a claim for punitive damages;

6. Plaintiff's Complaint fails to state a claim upon which relief may be granted;

7. Plaintiff may have failed to mitigate her damages;

8. Plaintiff's damages may be attributable to the conduct of other third-parties;

9. Plaintiff's damages may have been caused by intervening or superseding causes;

10. Defendants are not responsible for the acts of Chris Bond in violation of Ashland County policy and/or the Wisconsin criminal code;

11. Ashland County Sheriff's Department is not sui juris;

12. No constitutional violation resulted from a municipal policy or custom;

13. Defendants allege all affirmative defenses required to be pled under Rule 12(b), Fed. R. Civ. Pro., for the purpose of avoiding waiver of any such defenses as they may later apply; and

14. Defendants reserve the right to assert any further affirmative defenses which may become available as discovery proceeds in this matter.

WHEREFORE, the Defendants, Ashland County, Wisconsin, Mick Brennan, Anthony Jones and Other Employees of Ashland County Jail, demand judgment against the Plaintiff as follows:

A. For dismissal of the Amended Complaint, on its merits and with prejudice;

B. For all costs and attorneys' fees as allowed by law; and

C. For such other and further relief as the Court deems just and equitable.

Dated this 10th day of March, 2017.

AXLEY BRYNELSON, LLP

s/ Danielle E. Baudhuin
Lori M. Lubinsky, SBN: 1027575
Danielle E. Baudhuin, SBN: 1096371
Attorneys for Defendants Ashland County,
Wisconsin, Mick Brennan, Anthony Jones and
Other Employees of Ashland County Jail
2 E. Mifflin St., Ste. 200 (53703)
Post Office Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Email: llubinsky@axley.com
      dbaudhuin@axley.com