IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

B.L.W.,

    Plaintiff,

v.

ASHLAND COUNTY, MICHAEL E. BRENNAN,
ANTHONY JONES, and
OTHER EMPLOYEES OF ASHLAND COUNTY
JAIL,

    Defendants.

ORDER

17-cv-23-jdp

---

Plaintiff B.L.W. stopped communicating with her counsel and failed to appear for a deposition, so the court granted counsel's motion to withdraw and warned B.L.W. that it would dismiss the case for her failure to prosecute if she failed to notify the court of her intent to litigate the case by February 27, 2018. Dkt. 41. The same day, defendants moved the court to dismiss the case with prejudice. Dkt. 43.

B.L.W. has not responded to the court's order or defendants' motion, so the court will dismiss her case. The only question is whether the dismissal should be with or without prejudice. Defendants contend that the dismissal should be with prejudice under the fugitive-disentitlement doctrine. That doctrine allows courts to dismiss lawsuits when "the party seeking relief is a fugitive while the matter is pending." *Degen v. United States*, 517 U.S. 820, 824 (1996). But the doctrine does not apply automatically—it is subject to the same "practical considerations that inform the decision whether to dismiss a suit with prejudice as a sanction for mistakes, omissions, or misconduct." *Sarlund v. Anderson*, 205 F.3d 973, 974 (7th Cir. 2000).

The court is not persuaded that the doctrine calls for dismissal of this case with prejudice, because defendants have not shown that B.L.W. is a fugitive. Defendants adduce a "commitment order for non-payment of fine/forfeiture" issued on November 17, 2017, which is essentially a warrant for B.L.W.'s arrest resulting from her failure to pay fines related to her previous imprisonment. *See* Dkt. 44-2. Defendants argue that this warrant, paired with B.L.W.'s failure to appear at her deposition, leads to the "logical conclusion . . . that she is hiding to avoid arrest." Dkt. 43, at 3. But on March 5, B.L.W.'s former counsel notified the court that B.L.W. is incarcerated in the Ashland County Jail. *See* Dkt. 47. Setting aside the more difficult question whether failure to pay a debt alone renders one a fugitive who cannot maintain an action in a federal court, defendants concede that the fugitive-disentitlement doctrine "is applicable only when a fugitive criminal remains at large." Dkt. 43, at 4. B.L.W. isn't "at large" anymore, so the fugitive-disentitlement doctrine doesn't apply.

Defendants do not argue that the dismissal should be with prejudice for any other reason. A dismissal for failure to prosecute is by default a decision on the merits, which is to say with prejudice. Fed. R. Civ. P. 41(b). But such "a harsh sanction" should be imposed "sparingly." *Salata v. Wyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). Given the circumstances of this case, the court will exercise its discretion to dismiss without prejudice.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss with prejudice, Dkt. 43, is DENIED.
2. This case is DISMISSED without prejudice for plaintiff B.L.W.'s failure to prosecute it.

3. The clerk of court is directed to close this case.

Entered March 14, 2018.

>BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge